**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

GARY CHARLES BRESTLE,

Plaintiff,

v.

SUZANNE R. HASTINGS; STEVEN KNIGHT; JEFF COUGHLIN; DARREL LENNON; RANDY COURSON; RAMONA POOLE; LT. TINCHER; LT. ADAMS; and LT. DAVIS,

Defendants.

CIVIL ACTION NO.: 2:15-cv-012

**O R D E R**

This matter is before the Court on Plaintiff's Motion for Subpoena (doc. 26) and Plaintiff's Motions to Seal Documents (doc. 27.). For the reasons set forth below, these Motions are **DENIED**.

I. Plaintiff's Motion for Subpoena

Plaintiff, a federal inmate, has filed this action contesting certain conditions of his confinement pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). On July 10, 2015, Plaintiff filed a motion requesting the Court enter an order for the issuance of a subpoena "to capture illegal emails/phone calls from a coconspirator." (Doc. 26.) This Court has previously denied a request for subpoena from Plaintiff. (Doc. 19.) Thus, Plaintiff is again advised that this action has not yet been subjected to frivolity review and has not been served on any Defendants named in Plaintiff's Complaint. For this reason, Plaintiff's Motion is premature and, therefore, **DENIED** at this time. However, after the

required frivolity review and upon service of his complaint, Plaintiff may seek to obtain these documents through discovery.

II. Plaintiff's Motion to Seal Documents

On July 20, 2015, Plaintiff filed a Motion to Seal Documents. (Doc. 27.) Plaintiff also filed, on July 23, 2015, a pleading titled "Motion, Supplement, RE: [DE 27], & Scrivener's Error." (Doc. 28.) Plaintiff includes with his motion to seal certain documents which he contends should be filed under seal of the Court without redaction. (Id., pp. 5-18.) Plaintiff goes on to request an evidentiary hearing and a protective order regarding documents in his possession, and requests the Court order that he be immediately placed in home confinement. (Id., pp. 3-4.) In his Supplement to his Motion, Plaintiff attempts to provide additional information and clarification regarding his Motion to Seal. (Doc. 28.)

The right of access to judicial records pursuant to common law is well established. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir.1992). This right extends to the inspection and the copying of court records and documents. See Nixon, 435 U.S. at 597. The right to access, however, is not absolute. See Globe Newspaper Co. v. Superior Court for Norfolk C'ty, 457 U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001); Newman v. Graddick, 696 F.2d 796, 803 (11th Cir.1983). In balancing the interests, courts consider, among other things,

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the

> information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir.2005). Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Id. (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. at 598.)

This Court's Local Rule 79.7 sets forth procedures for a party to request that documents be filed under seal. This Court does not allow the automatic filing of documents under seal. Rather, a "person desiring to have any matter placed under seal shall present a motion setting forth the grounds why the matter presented should not be available for public inspection." L.R. 79.7. If the Court denies the Motion to Seal, the Clerk of the Court shall return the materials which the person sought to file under seal, and the person then has the option of filing the materials on the Court's open docket. Id.

Plaintiff's Motion to Seal and his Supplement do not establish good cause for filing any materials under seal. Plaintiff does not provide any argument as to why any documents attached to his Motion should be shielded from public view. Indeed, Plaintiff indicates that he received these documents in connection with his requests under the Freedom of Information Act. If the documents are publicly available through a FOIA request, the Court sees no privacy interests in the documents; much less an interest so compelling as to overcome the public's long-standing right to access judicial records and pleadings. As for Plaintiff's request that the Court order that he be placed in home confinement, a Motion to Seal in this Bivens action is not the proper avenue to seek this relief.

For these reasons, the Court hereby **DENIES** Plaintiff's Motion to Seal. Pursuant to Local Rule 79.7(c), the Clerk of Court is hereby **DIRECTED** to return to Plaintiff any materials

which he sought to file under seal. Plaintiff shall then have the option of filing those materials on the open docket of this Court in the normal course.

**SO ORDERED**, this 28th day of July, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA