IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| GARY CHARLES BRESTLE, <br><br> Plaintiff, <br><br> v. <br><br> SUZANNE R. HASTINGS; STEVEN KNIGHT; JEFF COUGHLIN; DARREL LENNON; RANDY COURSON; RAMONA POOLE; LT. TINCHER; LT. ADAMS; LT. DAVIS; and CHARLES E. SAMUELS, JR., <br><br> Defendants. | CIVIL ACTION NO.: 2:15-cv-12 |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Federal Satellite Low in Jesup, Georgia, brought this Complaint pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 402 U.S. 388 (1971), contesting certain conditions of his confinement. (Doc. 1.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims.[1] Additionally, the Court should **DENY** Plaintiff leave to appeal *in forma pauperis*.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the District Court will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL

## BACKGROUND

Plaintiff has filed a Complaint, (doc. 1), an Amended Complaint, (doc. 20), and several other pleadings in this matter. The Court has reviewed all of these filings and construed the facts therein in Plaintiff's favor for the purposes of this frivolity review.[2] While Plaintiff's claims are difficult to follow, he essentially contends that Defendants retaliated against him for acting as an informant and attempted to stifle his speech and his legal actions.

Plaintiff alleges that between August 2, 2009, and August 22, 2009, he was placed in solitary confinement in an attempt to hinder his ability to bring a tort claim against the Federal Bureau of Prisons and a Bivens action against two agents of the Federal Bureau of Investigations ("FBI") and an Assistant United States Attorney from West Palm Beach, Florida. (Doc. 1, p. 6.) Plaintiff contends that on August 17, 2009, Defendant Jeff Coughlin forced him to sign documents pertaining to his legal actions under the threat of Plaintiff not being allowed to leave solitary confinement. (Id. at p. 7.) He further alleges that on August 19 or 20, 2009, Plaintiff was taken to a lieutenant's office within the special housing unit and told by Defendants Adams and Davis that if he did not allow them to tear up paperwork pertaining to his pursuit of administrative remedies, then Plaintiff would have to remain in solitary confinement. (Id. at p. 9.)

---

5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2] While the Court has reviewed all of Plaintiff's pleadings and construed Plaintiff's claims broadly, Plaintiff cannot assert unrelated claims in one Bivens action. Smith v. Owens, No. 14-14039, 2015 WL 4281241, at *4 (11th Cir. July 16, 2015) (upholding this Court's dismissal of unrelated claims pursuant to Federal Rule of Civil Procedure 20(a), which will allow the joinder of claims if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action."). Thus, to the extent that Plaintiff attempts to assert any claims unrelated to the incidents alleged in his original Complaint, those claims should be **DISMISSED**.

Plaintiff further contends that Defendant Randy Courson took actions to stifle his speech after Courson asked Plaintiff to serve as an informant in May of 2009. (Id. at p. 9.) According to Plaintiff, on January 31, 2010, Courson told Plaintiff not to use the word "informant" again or Courson would send Plaintiff back to the special housing unit. (Id. at pp. 9–10.) Plaintiff goes on to allege that, when he was released from solitary confinement in August of 2009, he was threatened by another inmate, that he relayed that threat to Defendant Courson, but Courson took no actions to protect Plaintiff from the threat. (Id. at p. 11.)

Plaintiff also contends that on or about June 18, 2009, a federal officer told Plaintiff that he should drop his lawsuit against the FBI agents or risk being killed. (Id. at p. 10.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint under Section 1915A, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915A is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law which require the dismissal of the Complaint.

**DISCUSSION**

**I.   Dismissal of Official Capacity Claims**

Plaintiff brings this action pursuant to Bivens against Defendants in their individual and official capacities. In Bivens, the United States Supreme Court "recognized for the first time an implied private action for damages against federal officers" for violations of certain constitutional rights. Corrections Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001). A Bivens action is the federal counterpart of a 42 U.S.C. § 1983 action against an individual acting under color of state law. However, "Bivens only applies to claims against federal officers in their individual capacities; it does not create a cause of action for federal officers sued in their official capacities." Sharma v. Drug Enforcement Agency, 511 F. App'x 898, 901 (11th Cir. 2013) (citing Malesko, 534 U.S. at 69–71). Thus, the Court should **DISMISS** Plaintiff's Bivens claims against Defendants in their official capacities.

**II.   Supervisory Liability Claims**

Supervisory officials, such as Defendant Hastings, are "not liable under Bivens for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003) (quotation marks and alteration omitted). Thus, to state a Bivens claim based on supervisory liability, Plaintiff must allege that the supervisor "personally participated in the alleged unconstitutional conduct or that there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Franklin v. Curry, 738 F.3d 1246, 1249 (11th Cir. 2013) (quotation marks omitted).

It appears Plaintiff wishes to hold Defendants Hastings, Knight, Lennon, Poole, and Tincher liable based solely on their supervisory positions at the prison. He does not make any

factual allegations that these individuals directly participated in or were otherwise causally connected to the alleged deprivations of his constitutional rights. For example, he states that Defendant Hastings "was responsible for the proper execution of BOP policies, practices, and procedures." (Doc. 1, p. 2.) As set forth above, such supervisory allegations are an insufficient basis for Section 1983 liability. Therefore, the Court should **DISMISS** all claims against Defendants Hastings, Knight, Lennon, Poole, and Tincher.

### III. Untimeliness of Plaintiff's Claims

"Bivens suits have the same statute of limitations as suits brought under 42 U.S.C. § 1983." Moore v. Fed. Bureau of Prisons, 553 F. App'x 888, 890 (11th Cir. 2014). These claims "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the [Bivens] action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). In states where more than one statute of limitations exists, the forum state's general or residual personal injury statute of limitations applies to all Bivens actions filed in federal court in that state. Owens v. Okure, 488 U.S. 235, 236, 249–50 (1989). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). As a general rule, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id. "To dismiss a prisoner's complaint as time-barred prior to service, it must appear beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar. Moore v. Chamberlain, 559 F. App'x 969, 970 (11th Cir. 2014) (citing Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003)).

6

Plaintiff signed his Complaint on January 19, 2015, and it was filed in this Court on January 21, 2015. (Doc. 1, p. 18.) Thus, given the two years' limitation period, the operative date for assessing the timeliness of Plaintiff's Complaint is January 19, 2013. Any claims that accrued before that date (or for which the statute of limitations was not tolled until at least that date) are untimely.

Plaintiff was aware of the facts giving rise to his claims well before January 19, 2013. The actions he complained of occurred from June of 2009 to August of 2010. Indeed, Plaintiff signed a lawsuit against the United States, making basically the same factual allegations that he makes in this lawsuit, on December 29, 2011. Compl., Brestle v. United States, No. 2:12-cv-116 (S.D. Ga. Jan. 19, 2012), ECF No. 1, p. 4.[3] Consequently, he clearly had sufficient facts to bring this lawsuit at that time, more than three years before this lawsuit was filed. See Moore v. Fed. Bureau of Prisons, 553 F. App'x at 890 ("[Plaintiff's] late filing was hardly 'unavoidable.' For example, he could have brought his Bivens claim as part of the federal suit he filed in 2009.").

The Court notes that Plaintiff pursued the Bureau of Prisons' grievance process, which could serve to toll the statute of limitations period. In Leal v. Ga. Dep't of Corr., 254 F.3d 1276 (11th Cir. 2001), the Eleventh Circuit Court of Appeals "decline[d] to decide in the first instance

---

[3] In this prior lawsuit, Plaintiff asserted claims under the Federal Tort Claims Act against the United States. This Court dismissed those claims for failure to state a claim because Plaintiff failed to allege injury or loss of property or personal injury or death. R. & R. & Order, Brestle v. United States, No. 2:12-cv-116 (S.D. Ga. Oct. 19, 2012), ECF Nos. 41, 46. Pursuant to the doctrine of *res judicata*, that dismissal provides further grounds for dismissing Plaintiff's claims against Defendants in their official capacities in this action. "The doctrine of *res judicata*, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013). *Res judicata* may be applied only if "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (internal quotation marks omitted). Here, because Plaintiff's claims against Defendants in their official capacities are in actuality claims against the United States, the "identical party" requirement is met as to Plaintiff's official capacity claims. See Davis v. Davis, 551 F. App'x 991, 995 (11th Cir. 2014) (dismissing official capacity claims under *res judicata*).

the legal issue of whether the mandatory exhaustion requirement of 42 U.S.C. § 1997e(a) and the actual exhaustion of remedies by a prisoner will operate to toll the statute of limitations." 254 F.3d at 1280. Georgia law does not permit tolling, and the Eleventh Circuit has not addressed this issue directly. Walker v. United States, 196 F. App'x 774, 777 (11th Cir. 2006) ("We have declined to decide whether the statute of limitations is tolled in a § 1983 case while a petitioner is pursuing administrative remedies."). However, I conclude, as have several Courts of Appeals, that tolling should apply. Nickolich v. Rowe, 299 F. App'x 725, 725–26 (9th Cir. 2008) (given California's two-year statute of limitations, a state prisoner's Section 1983 deliberate indifference claim was not barred by the statute of limitations, where the inmate commenced his prison grievance process immediately after his claim accrued and filed a complaint within two years of completing the mandatory grievance process); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001) (a federal court relying on the Illinois statute of limitations in a Section 1983 case must toll the limitations period while a prisoner completes the administrative grievance process); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000) (tolling is appropriate while prisoner completes mandatory exhaustion requirements); Harris v. Hegmann, 198 F.3d 153, 157–59 (5th Cir. 1999) (same); see also Quilling v. Humphries, No. 4:10cv404-WS, 2010 WL 4783031, at *1 (N.D. Fla. Nov. 17, 2010) (referring case back to magistrate judge because it could not be determined that the statute of limitations necessarily barred the plaintiff's claims); and Baldwin v. Benjamin, No. 5:09-CV-372 (CAR), 2010 WL 1654937 (M.D. Ga. Apr. 23, 2010) (recognizing that Eleventh Circuit has not adopted rule regarding the effect of exhaustion on tolling, but noting that the exhaustion requirement may operate to toll the statute of limitations). Accordingly, the applicable statute of limitations period was tolled while Plaintiff pursued his administrative remedies, which was a prerequisite to filing suit because he is imprisoned.

Nonetheless, there is nothing before the Court which indicates that the exhaustion of Plaintiff's administrative remedies took until January 19, 2013, to render this cause of action timely filed. Hughes, 350 F.3d at 1163 ("[Plaintiff], unlike Leal, has pointed us to no particular reason why the statute of limitations might be tolled in his case, and we can discern none from the record.").

For these reasons, the statute of limitations on Plaintiff's claims had long expired prior to his filing this lawsuit. It appears beyond a doubt from the Complaint itself that Plaintiff can prove no set of facts which would avoid a statute of limitations bar. Consequently, the Court should **DISMISS** this action.

## IV. Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4] Though Plaintiff has, of course, not yet filed a notice of appeal, and he paid the filing fee when filing this action, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action

---

[4] A certificate of appealability is not required in this Section 1983 action.

9

is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should be **DENIED**.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** this action and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of January, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA