# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

| | | |
|---|---|---|
| GARY CHARLES BRESTLE, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:15-cv-12 |
| | * | |
| v. | * | |
| | * | |
| SUSAN R. HASTINGS, et al., | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court is Plaintiff Gary Charles Brestle's ("Brestle") Motion for Reconsideration of the undersigned's Order dated February 3, 2016. Dkt. No. 39. For the reasons set forth below, the Court **DENIES** Brestle's Motion. Dkt. No. 41.

## BACKGROUND

In its February 3, 2016, Order, the Court adopted the recommendation of the Magistrate Judge, over Brestle's Objections, and dismissed his Complaint brought pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 402 U.S. 388 (1971). The Court rejected Plaintiff's argument that the Court should accept his untimely filed Complaint based upon the "continuing violation

AO 72A
(Rev. 8/82)

doctrine" under Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1221 (11th Cir. 2001).[1] Dkt. No. 39, p. 1. The Court noted that Brestle's claims accrued several years before he filed his action and that a reasonably prudent plaintiff would have been alerted to assert his rights before the expiration of the statute of limitations. Dkt. No. 39, p. 2 n.1.

In his instant Motion, Brestle first argues that the statute of limitations applicable to his claim is governed by federal law and, therefore, "continues to run." Dkt. No. 41, p. 3. In the alternative, Brestle argues that the statute of limitations was tolled because he participated in an internal investigation of his claims during the pertinent time period.

## DISCUSSION

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are

---

[1] The continuing violation doctrine holds that a plaintiff's action is not time-barred where some of the alleged violations occurred within the statutory period, even though other violations did not, because the early acts were part of a continuing wrong.

newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Brestle's Motion. Here, Brestle does not present a change in controlling law[2] or present new evidence. Rather, he improperly raises new arguments in support of his request for reconsideration. Brestle argues that his participation in an internal investigation of his claims tolled the statute of limitations applicable to his Bivens suit. Dkt. No. 43, p. 3. However,

---

[2] To support his argument that the statute of limitations applicable to his claims should be tolled, Brestle cites Ross v. Blake, 136 S. Ct. 1850 (2016). In Ross, the United States Supreme Court held that a court may not excuse an inmate's failure to exhaust administrative remedies prior to bringing suit under the PLRA, even to take "special" circumstances into account. Id. at 1862. In reaching its conclusion, the Supreme Court rejected plaintiff's argument that his participation in an internal investigation excused his failure to exhaust administrative remedies before filing suit. Although the Court remanded the case to the Fourth Circuit to determine whether review by the prison's Internal Investigations Unit eliminated plaintiff's ability to utilize the prison's ordinary grievance procedure, the Court did not address the issue raised by Brestle in his Motion for Reconsidration. Brestle's arguments address whether the statute of limitations should be tolled, whereas the Court's opinion in Ross addressed whether that plaintiff exhausted administrative remedies. Accordingly, Brestle has not presented a change in controlling law.

Brestle may not "employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); see also O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992) (quoting Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990)) (denying rule 59(e) motion and noting "[m]otions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued . . . Denial of a motion to amend is 'especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation.'"). Here, nothing precluded Brestle from raising his argument in his initial Objections to the Magistrate Judge's Report and Recommendation, and Brestle has not shown that he was unable to do so.[3]

Brestle also cannot employ a Motion for Reconsideration to argue that federal law, as opposed to Georgia law, governs the statute of limitations applicable to his claims. The Court already discussed at length the law supporting its holding that

---

[3] In his Objections to the Magistrate Judge's Report and Recommendation, Brestle instead reasserted his argument that the continuing violation doctrine should excuse his untimely filing, dkt. no. 36, and also alleged that prison officials prevented him from pursuing an administrative remedy, dkt. no. 38.

Brestle did not timely file this action. Dkt. No. 35, pp. 6-9. The Court sees no error in that analysis, much less clear error warranting reconsideration.

## CONCLUSION

For all of the above stated reasons as well as those included in the Court's prior Orders, the Court **DENIES** Brestle's Motion for Reconsideration. The Court's Order dated February 3, 2016, remains the Order of the Court, and this case shall remain **CLOSED**.

**SO ORDERED**, this 19 day of July, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA